UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIM S. URMANCHEEV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. NDOH, et. al.<br><br>　　　　　Defendants. | No. 1:21-cv-00255-HBK (PC)<br><br>ORDER DENYING PLAINTIFFS MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 3) |

　　　　Pending before the Court is plaintiff's motion for leave to appoint counsel filed February 24, 2021. (Doc. No. 3). Plaintiff is proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). The court previously granted plaintiff's motion for leave to proceed *in forma pauperis* due to his indigency. (Doc. No. 5). Plaintiff now moves for appointment of counsel on the following factors: (1) he is unable to locate or afford counsel, (2) his "serious mental illness" makes him unable to comprehend legal issues; (3) he has a limited proficiency in English and knowledge of the law; and, (4) because a trial will result in conflicting testimony. (Doc. No. 3 pp. 1-2).

　　　　The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not

create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

      Here, the court does not find exceptional circumstances warrant appointment of counsel for plaintiff.  Although plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face.  Plaintiff does not indicate the nature of his alleged "mental illness" or how it affects his ability to prosecute this action.  Indeed, a review of the pleadings filed by plaintiff to date show he can articulate his claims in this case.  *See Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the plaintiff's filing demonstrate ability to properly litigate case despite mental illness).  Further, a plaintiff's limited English proficiency "does not constitute an exceptional circumstance." *Garces v. Degadeo*, WL 1521078, at *1 (E.D. Cal. May 22, 2007).  There is therefore no basis for the court taking the extraordinary step of appointing counsel.  Further, this case is at the initial stages of litigation.  Should this case progress and plaintiff's circumstances change and he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

      Accordingly, it is **ORDERED**:

      Plaintiff's motion to appoint counsel (Doc. No. 3) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:     March 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE