UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIM S. URMANCHEEV, | Case No. 1:21-cv-00255-AWI-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION REQUESTING ACCESS TO ELECTRONIC CASE FILING SYSTEM |
| v. | |
| R. NDOH, et al., | (Doc. No. 10) |
| Defendants. | ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION TO SCREEN COMPLAINT |
| | (Doc. No. 11) |

Plaintiff, a former state prisoner[1], is proceeding pro se and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion requesting access to the Court's electronic case filing system and his construed motion requesting screening of his initial complaint.

**Electronic Case Filing System**

Plaintiff requests access to the court's electronic case filing system. (Doc. No. 10). The Court utilizes a case management electronic case filing system (CM/ECF) which requires attorneys to adhere to electronic procedures in the Court's Local Rules to file documents electronically. L.R. 133(a). Pro se parties are specifically exempted, and indeed prohibited, from

---

[1] It is presumed that Plaintiff is no longer incarcerated given his recent notice of change of address. (Doc. No. 12).

utilizing electronic filing unless granted permission from the assigned Judge or Magistrate Judge. L.R. 133(b)(2); L.R. 183(c).  Any requests from an exempted party to utilize electronic filing "shall be submitted as stipulations as provided in L.R. 143." L.R. 133(b)(3).  If a stipulation cannot be obtained, the moving party shall include in his request "an explanation of the reasons for the exception." *Id*.

While the Court acknowledges Plaintiff cannot obtain a stipulation since no Defendant has been served, he does not include a sufficient explanation as to why he should be exempted form the Court's Local Rules.  Plaintiff merely states he should be granted access to the Court's electronic case filing system because he "has access to the internet, computer and software, as Adobe Acrobat, which satisfy the requirements installed by the US courts." (Doc. No. 10).  Plaintiff's access to the internet and a computer does not satisfy this Court's requirements nor does it explain why this Court should not adhere to its local rules which prohibits pro se parties from utilizing the electronic case filing system.

**Request to Screen Complaint**

Plaintiff's motion to file a first amended complaint (Doc. No. 11) requests the Court "review [his] complaint, determine deficiencies, and for leave to correct them by amending his complaint."  Liberally construed, Plaintiff is requesting the Court screen his initial complaint.

District courts possess inherent authority not governed "by rule or statute, but by control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citations omitted). And while this Court endeavors to handle all matters as expeditiously as possible, it has "one of the heaviest caseloads in the nation" and operates under a declared judicial emergency due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  This order effectively grants Plaintiff's motion to the extent the Court acknowledges Plaintiff's Complaint is pending and requires screening.

Accordingly, it is ORDERED:

1. Plaintiff's motion requesting access to the Court's electronic case filing system (Doc.

No. 10) is DENIED.

2. Plaintiff's construed motion for a screening order (Doc. No. 11) is GRANTED to the extent a screening order will be forthcoming.

Dated:    April 4, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3