UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIM URMANCHEEV, | Case No. 1:21-cv-00255-JLT-HBK (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO PAY BALANCE OF FILING FEE OR FILE UPDATED FINANCIAL INFORMATION |
| v. | |
| R. NDOH, et al., | DECEMBER 7, 2023 DEADLINE |
| Defendants. | |

On July 22, 2022, Plaintiff Alim Urmancheev, who is proceeding pro se, filed a notice of change of address reflecting that he has been released from detention. (*See* Doc. No. 9). Because Plaintiff initiated this action while a prisoner and was granted leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, (Doc. No. 5), he is "required to pay the full amount of a filing fee" under the Prison Litigation Reform Act. 28 U.S.C. § 1915(b)(1). Based on Plaintiff's "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint," 28 U.S.C. § 1915(a)(2), the Court granted Plaintiff IFP, assessed the full $350.00 filing fee,[1] directed the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff.

"agency having custody" over Plaintiff to forward to the Clerk of Court both the initial, if applicable, and any subsequent monthly payments required "until the filing fees are paid," in full. (Doc. No. 5). *See* § 1915(b)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Due to Plaintiff's release, the fee collection provision is now unenforceable, and the Court no longer has the means to collect the fees owed by Plaintiff. *See DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2010) (noting that, after a prisoner is released, there is "no 'prisoner's account' from which to deduct . . . payments").

Although the Ninth Circuit has yet to decide how a released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he has been released, *see Putzer v. Attal*, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013) (noting the "unresolved issue within the Ninth Circuit regarding the application of the Prison Litigation Reform Act (PLRA) pauper application requirements in cases where the prisoner is released *pendente lite, i.e.*, during the litigation"), other circuits and district courts in California have found the statutory language of § 1915(b)(1) requires released prisoners to pay the amounts still due after their release if they wish to continue to prosecute their action. *Gay v. Tex. Dep't of Corr.*, 117 F.3d 240, 241–42 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251–52 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897–99 (7th Cir. 1997); *Townsend v. Rendon*, 2022 WL 1462181, at *2 (E.D. Cal. April 1, 2022) (directing released inmate to "either pay the filing fee in full or submit a complete[d] application to proceed in forma pauperis by a non-prisoner"); *Makoni v. Downs*, 2016 WL 7210403, at *4 (S.D. Cal. Dec. 13, 2016) (denying released prisoner's initial IFP motion and requiring supplemental post-release IFP motion); *Flynn v. Canlas*, 2015 WL 8492503, at *4 (S.D. Cal. Dec. 10, 2015) (same); *Adler v. Gonzalez*, 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) (requiring "updated IFP application" of released prisoner because court "ha[d] before it no evidence that Plaintiff [remained] a pauper," and the "[c]ircumstances that undoubtedly contributed to his impoverishment, *i.e.*, imprisonment, no

---

Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

longer exist"); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (remanding fee payments to district court in order to "review [plaintiff's] present economic situation and fit a fee to the economic facts if [he was] still interested in pursuing his claim").

Consequently, for this case to proceed further, Plaintiff must pay $331.84 (the total amount that remains due toward the $350.00 filing fee) in one lump sum no later than December 7, 2023, if he wishes to continue to prosecute this action. If Plaintiff cannot pay this amount in one lump sum, Plaintiff shall file a renewed motion to proceed IFP accompanied by the enclosed financial form completed and signed to under penalty of perjury by this same date. Plaintiff must provide a complete picture of his current financial situation, including an explanation as to his ability to provide basic necessities for himself. Plaintiff must include any information relating to any financial assistance he receives, the amount of this assistance, and the name of the entity providing this assistance. The Court will then review the renewed application and set a monthly payment schedule for the remainder of the $350.00 filing fee.[2]

ACCORDINGLY, it is **ORDERED**:

1. No later than December 7, 2023, Plaintiff must pay $331.84 (the total amount that remains due toward the $350.00 filing fee) in one lump sum by cashier's check, money order, or personal check, payable to the Clerk of Court. Plaintiff shall include his name and case no. 1:21cv255-ADA-HBK on the check.

3. If Plaintiff cannot pay this amount in one lump sum, Plaintiff, by this same date, shall file a renewed motion to proceed IFP accompanied by the enclosed financial form completed and signed to under penalty of perjury.

4. The Clerk of the Court shall enclose a blank AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) with this Order for Plaintiff's use, if appropriate.

5. If Plaintiff fails to comply with this Order by failing to either pay $331.84 in one lump sum or submitting a completed AO 239 renewed IFP application, the case may be dismissed

---

[2] "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial filing fee." 28 U.S.C. § 1915(b)(4).

for Plaintiff's failure to prosecute and/or as a sanction for Plaintiff's failure to obey a court order.

Dated:    November 2, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE