1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALIM URMANCHEEV,                        Case No.  1:21-cv-00255-JLT-HBK (PC)

12                    Plaintiff,              FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS CASE[1]
13            v.
                                             (Doc. No.  18)
14    R. NDOH, et al.,
                                             FOURTEEN-DAY OBJECTION PERIOD
15                    Defendants.

16

17            Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's First

18    Amended Complaint.  (Doc. No. 18, "FAC").  For the reasons set forth below, the undersigned

19    recommends the district court dismiss the FAC because it fails to state any cognizable

20    constitutional claim.

21                               **SCREENING REQUIREMENT**

22            A plaintiff who commences an action while in prison is subject to the Prison Litigation

23    Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief

24    against a governmental entity, its officers, or its employees before directing service upon any

25    defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and

26    dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon

27    _____

28    [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
      (E.D. Cal. 2022).

1  which relief may be granted, or if it seeks monetary relief from a defendant who is immune from

2  such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3      At the screening stage, the court accepts the factual allegations in the complaint as true,

4  construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v.*

5  *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

6  2003).  The Court's review is limited to the complaint, exhibits attached, and materials

7  incorporated into the complaint by reference, and matters of which the court may take judicial

8  notice.  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ.

9  P. 10(c).  A court does not have to accept as true conclusory allegations, unreasonable inferences,

10  or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

11  1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual

12  basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

13      The Federal Rules of Civil Procedure require only that a complaint include "a short and

14  plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).

15  Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient

16  factual detail to allow the court to reasonably infer that each named defendant is liable for the

17  misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

18  572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

19  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

20  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not

21  required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

23  to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.

24  2009) (internal quotation marks and citation omitted).

25      If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant

26  is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v.*

27  *Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d

28  245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a pro se litigant on how

2

1   to cure the defects.  Such advice "would undermine district judges' role as impartial

2   decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131

3   n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad

4   faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by

5   amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892

6   (9th Cir. 2010).

7                                    **BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

8              Plaintiff, a former prisoner proceeding pro se and *in forma pauperis*, initiated this action

9   by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. No. 1).  On April 10, 2023, the

10  undersigned screened Plaintiff's complaint and found that it failed to state any cognizable

11  constitutional claim.  (*See* Doc. No. 14).  After the Court granted an extension of time, Plaintiff

12  filed a FAC.  (Doc. No. 18).

13             The events giving rise to the FAC took place at Avenal State Prison ("ASP").  (*See*

14  *generally id.*).  The named Defendants include the following ASP staff: (1) R. Ndoh, former

15  Warden at ASP; (2) P. Vera, Chief Deputy Warden at ASP; (3) D. Groves, Associate Warden and

16  Chief Disciplinary Officer at ASP; (4) D. Crenshaw, Correctional Officer at ASP; (5) Barker,

17  Correctional Officer at ASP; (6) K. Clinton, Correctional Officer at ASP; (7) M. Voong, Chief of

18  the Office of Appeals; (8) R. Briggs, Appeals Examiner at the Office of Appeals; (9) J. Cervantes,

19  Correctional Officer at ASP; (10) Boado, Correctional Officer at ASP; (11) A. Cruz, Correctional

20  Officer at ASP; (12) M. Dutra, Correctional Officer at ASP; (13) K. Donaldson, Correctional

21  Officer at ASP; and (14)  P. Johnson, Correctional Officer at ASP.   (*Id*. at 2-4).  The following

22  facts are presumed to be true at this stage of the screening process.

23             Claim 1 – Due Process Violation and Cruel and Unusual Punishment

24             On January 6, 2017, Defendant Dutra allegedly found alcohol under Plaintiff's bunk at

25  ASP and filed a Rule Violation Report ("RVR") based on the violation.  (*Id*. at 6 ¶ 28).

26  Defendant Dutra then destroyed the alleged alcohol.  (*Id*. ¶ 29).  The same day, Defendant

27  Cervantez reviewed the RVR and "affirmed" it "without any analysis based on a scientific

28  method applied to the alleged alcohol" contrary to applicable provisions of Title 15 of the

California Code of Regulations ("Title 15" or "CCR").  (*Id.* ¶ 33).  Defendant Clinton classified the RVR as serious, contrary to applicable provisions of Title 15.  (*Id.* ¶ 34).  Defendant Cruz interviewed Plaintiff regarding the incident, and Plaintiff alerted him to the Title 15 violations, but Cruz failed to take any action.  (*Id.* ¶ 36).

At a preliminary hearing on January 16, 2017, Defendant Boado interviewed Plaintiff, and Plaintiff alerted him to the violations of Title 15 and asked that the RVR be "annul[led]."  (*Id.* ¶ 37).  Plaintiff also requested Defendant Boado provide a staff assistant, interpreter, witness, and evidence.  (*Id.* at 7 ¶ 37).  Plaintiff's first language is Russian.  (*Id.*).  Defendant Boado did not fulfil Plaintiff's requests or annul the RVR.  (*Id.*).

At the same preliminary hearing, Defendant Barker also interviewed Plaintiff.  (*Id.* ¶ 38). Plaintiff again requested a staff assistant, interpreter, witness, and evidence.  (*Id.*).  Defendant Barker did not fulfill the requests.  (*Id.*).  Defendant Barker declined to annul the RVR and notified Plaintiff that CDCR would proceed with a formal disciplinary hearing.  (*Id.*).

On January 13, 2017, Defendant Johnson interviewed Plaintiff in response to his request for a staff assistant and translation at the disciplinary hearing.  (*Id.* ¶ 39).  Plaintiff informed Defendant Johnson of the deficiencies in the RVR and asserted that the proposed loss of good time credits was unwarranted by the CCR.  (*Id.*).  Johnson "affirmed [the] unlawful actions of the previous officers."  (*Id.*).

On January 20, 2017, Defendant Crenshaw served as the Senior Hearing Officer (SHO) at Plaintiff's disciplinary hearing.  (*Id.* at 8 ¶ 42).  Crenshaw found Plaintiff guilty of the RVR and ordered Plaintiff to be penalized with loss of 120 days of good time credits.  (*Id.* ¶ 43).

On February 7, 2017, Defendant Groves affirmed Defendant Crenshaw's decision and penalty.  (*Id.* ¶ 47).  Defendant Ndoh and Vera later upheld the decisions by Defendants Crenshaw and Groves.  (*Id.* ¶ 48).

Claim 2 – First Amendment Access to Courts

Plaintiff later submitted two appeals of the RVR finding him guilty of alcohol possession. (*Id.* at 9 ¶ 52).  One appeal (Appeal 150) addressed procedural issues with the hearing, including the lack of the requested translator or staff assistant, a biased hearing officer, and destruction of

1    potentially exculpatory evidence.  (*Id*.).  The other appeal (Appeal 205) addressed the excessive

2    penalty of 120 days loss of good time credit.  (*Id*.).

3        Defendant Donaldson cancelled Appeal 205 as a duplicate of Appeal 150.  (*Id*. ¶¶ 51, 53).

4    The FAC asserts that in doing so, Donaldson "intentionally obstructed plaintiff's right to petition

5    government for redress of his grievance protected by the First Amendment . . ."  (*Id*. ¶ 53).

6    Defendants Vera and Ndoh affirmed Defendant Donaldson's cancellation of the appeal.  (*Id*.

7    ¶ 54).  Defendants Voong and Briggs at the Office of Appeals upheld the decisions of Defendants

8    Donaldson, Vera, and Ndoh.  (*Id*. ¶ 54).

9       <u>Claim 3: Conspiracy to Violate Plaintiff's Constitutional Rights</u>

10       The FAC claims that unspecified Defendants:

11
12          conspired to impose, did impose and did affirm penalties that are unconstitutionally excessive and grossly disproportionate to offense and disciplinary hearing's results.  Defendants affirmed unlawful acts of their fellow officers through failing to act in accordance to prescribed rules and regulations.
13

14    (*Id*. at 10 ¶ 58).  Plaintiff contends these acts amounted to cruel and unusual punishment in

15    violation of the Eighth Amendment.  (*Id*. ¶ 60).

16       <u>Relief Requested</u>

17       As relief for the above claims, Plaintiff seeks a declaratory judgment, compensatory

18    damages of $285,000 against each Defendant, punitive damages of $235,000 against each

19    Defendant, a jury trial, costs, and any additional relief the court deems just.  (*Id*. at 12 ¶¶ 68-73).

20                       **APPLICABLE LAW AND ANALYSIS**

21      **A.  Due Process Claims**

22       Plaintiff's FAC sets forth various due process claims based on alleged flaws in the

23    documentation, investigation, and disciplinary hearing pertaining to Plaintiff's Rule Violation

24    Report. [2]  The Court examines each of these in seriatim.

25

26    [2] In its prior screening order, the Court noted that Plaintiff's claims seeking declaratory relief and

27    monetary damages based on an unconstitutional rule violation report, which resulted in loss of 120 days good time credit, may be barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  However, given that Plaintiff has now been released from custody, (*see* Doc. Nos. 12, 19), and cannot seek *habeas* relief, *Heck*

28    no longer applies.  *See Nonnette v. Small,* 316 F.3d 872, 875–76 (9th Cir. 2002).

1                1.    <u>False RVR</u>

2          The filing of a false disciplinary report by a prison official against a prisoner is not a per

3 se violation of the prisoner's constitutional rights.  *See Muhammad v. Rubia*, 2010 WL 1260425,

4 at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from

5 being falsely or wrongly accused of conduct which may result in the deprivation of a protected

6 liberty interest.  If a prisoner is afforded procedural due process in the disciplinary hearing,

7 allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted)),

8 *aff'd* 453 F. App'x 751 (9th Cir. 2011); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal.

9 June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published

10 opinion, district courts throughout California . . . have determined that a prisoner's allegation that

11 prison officials issued a false disciplinary charge against him fails to state a cognizable claim for

12 relief under § 1983."), *aff'd* 393 F. App'x 488 (9th Cir. 2010).

13          The FAC contends that Defendant Dutra falsely filed charges of alcohol possession and

14 that Defendant Crenshaw, the senior hearing officer who conducted Plaintiff's disciplinary

15 proceeding, "contrived to concoct the constructive possession of alcohol" and "abused his

16 discretion" by penalizing Plaintiff 120 days of good time credits "in contravention of the state

17 statutes."  (Doc. No. 18 at 8 ¶¶ 43-44).  However, as Plaintiff was previously advised, even if

18 Plaintiff's claim of innocence is true, there is no constitutional right to be free from false

19 accusations of prison disciplinary infractions, so long as the due process requirements of *Wolff v.*

20 *McDonnell* have been met (discussed further below).  Thus, the FAC fails to state a claim based

21 on the mere fact that Plaintiff was falsely charged with an RVR for alcohol possession.

22                2.    <u>Destruction of Evidence</u>

23          Next, liberally construed, Plaintiff's FAC contends that Defendant Dutra's destruction of

24 the alcohol Plaintiff allegedly had in his possession violated his Due Process rights, or

25 alternatively that the failure to present evidence of Plaintiff's possession of the alcohol violated

26 Plaintiff's due process rights.  (*See* Doc. No. 18 at 6-7 ¶ 28, 37, 38, 40) (noting Plaintiff's

27 requests for "evidence").  Plaintiff claims the evidence would have been "potentially exculpatory"

28 but does not set forth why it would have been exculpatory as opposed to inculpatory.  Plaintiff's

mere speculation as to the exculpatory nature of the evidence does not establish that he was harmed by destroying it.  *See Martin v. Sullivan*, 2007 WL 2462076, at *7 (E.D. Cal. Aug. 28, 2007) (no claim stated where prisoner plaintiff failed to articulate prejudice from destruction of evidence related to RVR).  Without alleging facts plausibly showing that Plaintiff was harmed by Defendant Dutra's actions, the FAC fails to state a due process claim.

As to the alleged failure to submit or provide Plaintiff with evidence of his alcohol possession, due process requires only that "some evidence" support the decision of the hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  "The standard is not particularly stringent and the relevant inquiry is whether 'there is any evidence in the record that could support the conclusion reached' . . . ." *McDaniel v. Chavez*, 2014 WL 1333991, at *6 (E.D. Cal. Apr. 3, 2014) (citing *Hill*, 472 U.S. at 455-56).  The FAC does not allege that there was no evidence in the record that could support Plaintiff's guilty finding, only that prison staff did not provide him physical evidence confirming the testing of the alcohol he allegedly possessed.  This is insufficient to set forth a due process violation.

### 3.  Violations of Title 15

There is no federal constitutional liberty interest in compliance with state prison regulations.  *Solomon v. Felker*, 2013 WL 5375538, at *12 (E.D. Cal. Sept. 24, 2013) ("Plaintiff's allegation that the defendants failed to adhere to the prison's own institutional policies and procedures does not, by itself" give rise to a constitutional violation); *Sandin v. Conner*, 515 U.S. 472, 481–82, (1995) (recognizing prison regulations are "primarily designed to guide correctional officials in the administration of a prison" and are "not designed to confer rights on inmates"); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."); *see also Armstrong v. Warden of USP Atwater*, 2011 WL 2553266, at *8 (E.D. Cal. June 24, 2011) (citing same).  Indeed, Title 15 of the California Code of Regulations, which includes regulations governing the administration of state prisons, does not confer a private right of action for inmates to sue to enforce the regulations or to obtain damages.  *Vasquez v. Tate*, 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012) (finding no federal due process violation based on prison's failure to comply

with Title 15 because no authority establishes the existence of a private right of action).

The FAC asserts that actions by various Defendants violated Title 15 and therefore Plaintiff's constitutional rights.  The FAC alleges that "Defendant Cervantez . . . affirmed [the RVR] without any analysis based on a scientific method applied to the alleged alcohol contradicting 15 CCR § 3290."  (Doc. No. 18 at 6 ¶ 33).  Further, Defendant Clinton "knowingly, arbitrarily and illegally classified the RVR as Serious, Division C in contravention of the 15 CCR § 3232 (e)(1) and § 3290."  (*Id*. ¶ 34).  Plaintiff advised Defendants Cruz, Boado, Barker, and Johnson of the "blatant violations" of the CCR by Defendants Cervantez and Clinton but they failed to take any remedial action.  (*See id*. at 6-7).  The FAC contends that Plaintiff's penalty for the RVR, including withholding of 90 days pay is "unauthorized by the CCR."  (*Id*. at 8 ¶ 47).

However, because there is no liberty interest in compliance with state prison regulations, these alleged violations of state prison regulations, even if true, do not set forth cognizable constitutional violations.  Thus, the FAC fails to allege a cognizable federal due process claim based on prison officials' alleged violation of Title 15.

### 4.  Failure to Provide Staff Assistance or Translator at Disciplinary Hearing

Liberally construed, the FAC also asserts that Plaintiff suffered a due process injury because he was denied access to staff assistance or a translator.  (Doc. No. 18 at 6-7 ¶¶ 37-38).

*Wolff* establishes the minimum due process that must be afforded to prisoners during prison disciplinary hearings.  *See Wolff v. McDonnell*, 418 U.S. 539 (1974) ("[D]ue process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits.").  Due process requires: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and (5) assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Id*. at 563-567.  Prisoners bear the burden to demonstrate that they did not receive due process during their disciplinary hearing.  *See Parnell v. Martinez*, 821 Fed. Appx. 866, 866-867 (9th Cir. 2020) (finding that the district

court "properly dismissed [the petitioner's] due process claim challenging his disciplinary hearing following his failure to submit to a urinalysis because [the petitioner] failed to allege facts sufficient to demonstrate that he was not afforded all the process that was due.").

Liberally construed, the FAC alleges Plaintiff's due process rights were violated when Defendants Boado, Barker, and Johnson failed to fulfil Plaintiff's request for a staff assistant or translator.  The FAC does not allege either that the issues in Plaintiff's disciplinary hearing were unusually complex or that he is illiterate.  Nor does the Court discern any complex issues presented by a RVR alleging possession of alcohol.  The FAC does assert that Russian is Plaintiff's first language and that he requested the assistance of an interpreter.  The FAC does not allege facts as to Plaintiff's level of English language comprehension.

The extent to which due process may require the provision of interpreter services at a prison disciplinary hearing is unclear.  *See Garcia–Cortez v. Sanders*, 2013 WL 2417973, at \*8 (C.D. Cal. May 31, 2013) (*citing Ferreira v. Dubois*, 963 F.Supp. 1244, 1256 (D. Mass. 1996), which found that such a requirement would be an expansion of *Wolff*); *compare Powell v. Ward*, 487 F.Supp. 917, 932 (S.D.N.Y.1980) (noting that *Wolff* did not hold that an interpreter must be provided for non-English speaking inmates, but finding *Wolff*'s treatment of illiterate inmates "instructive" in creating a due process requirement in the form of injunctive relief for the Spanish speaking inmates bringing 42 U.S.C. § 1983 action in *Powell*); *Gabai v. Jacoby*, 800 F.Supp. 1149, 1156 (S.D.N.Y.1992) (finding no due process violation in 42 U.S.C. § 1983 action for failure to provide interpreter at disciplinary hearing, where inmate did not rebut sworn statements that he understood spoken and written English and was able to function in English, or show how the failure to provide an interpreter prejudiced him); *see also Encarnacion-Montero v. Sanders*, 2014 WL 9913503, at \*6 (C.D. Cal. June 4, 2014) (rejecting plaintiff's due process claims after finding not credible statements that he could not speak, read, or understand English), *report and recommendation adopted*, 2015 WL 3823891 (C.D. Cal. June 18, 2015).

Even assuming the Court were to find that due process requires access to an interpreter for non-English speakers in prison disciplinary hearings, there is insufficient evidence Plaintiff needed one.  The Court notes that Plaintiff's pleadings have articulated sophisticated legal

1  concepts in good English and provide detailed descriptions of the prison legal proceedings at

2  which he purportedly needed assistance.  The Court thus infers that Plaintiff was adequately able

3  to understand the applicable disciplinary proceedings and did not suffer a due process violation

4  due to lack of assistance or translation.

5       5.  <u>Request for Witnesses</u>

6       The FAC asserts that Plaintiff made requests to Defendants Boado and Barker for a

7  "witness" at his disciplinary hearing but was denied.  (Doc. No. 18 at 6-7 ¶¶ 37-38).  As noted

8  above, due process requires that a prisoner be provided an opportunity at a disciplinary hearing,

9  when consistent with institutional safety and correctional goals, to call witnesses and present

10  documentary evidence in his defense.

11       "The Supreme Court's decision in *Wolff* bestows a substantial amount of discretion upon

12  prison officials to decide whether and when to call live witnesses at a disciplinary hearing."

13  *Buren v. Waddle*, 2016 WL 5890030, at *2 (E.D. Cal. Oct. 11, 2016).  Prison officials may

14  choose to refuse an inmate's request to call witnesses for reasons of "irrelevance, lack of

15  necessity, or the hazards presented in individual cases."  *See Wolff*, 418 U.S. at 566.  In *Wolff* the

16  court suggested it would be "useful," but did not require, that prison officials provide written

17  reasons for denying an inmate the right to call live witnesses.  *Baxter v. Palmigiano*, 425 U.S.

18  308, 323 (1976).  Meanwhile, "[A]s a general rule, inmates 'have no constitutional right to

19  confront and cross-examine adverse witnesses' in prison disciplinary hearings."  *Santibanez v.*

20  *Havlin*, 750 F. Supp.2d 1121, 1128 (E.D. Cal. 2010)

21       Here, the FAC does not specify whether Plaintiff requested to call witnesses in his

22  defense, whether he requested that prison officials present witnesses to support their claims, or

23  something else entirely.  It is also unclear what justification, if any, Defendants Barker and Boado

24  provided in denying Plaintiff's requests.  Without these details as to Plaintiff's request for

25  "witness" and Defendants' responses, the FAC fails to state a claim based on Defendants Barker

26  and Boado's actions.

27      *////*

28      *////*

1              6.  Denial of Plaintiff's Grievance and Appeals

2          "A prison official's denial of a grievance does not itself violate the constitution." *Penton*

3  *v. Johnson*, 2019 WL 6618051, at *6 (E.D. Cal. Dec. 5, 2019) (quoting *Evans v. Skolnik*, 637 F.

4  App'x 285, 288 (9th Cir. 2015)).  "An allegation that a prison official inappropriately denied or

5  failed to adequately respond to a grievance, without more, does not state a claim under § 1983."

6  *Evans*, 637 F. App'x at 288, citing *Ramirez* v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

7  ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this

8  standard, because inmates lack a separate constitutional entitlement to a specific prison grievance

9  procedure."); *see also Alford v. Gyaami*, 2015 WL 3488301, at *10 n.2 (E.D. Cal. June 2, 2015)

10  ("Even if prison officials delay, deny, or erroneously screen out a prisoner's inmate grievance,

11  they have not deprived him of a federal constitutional right."); *Wright v. Shannon*, 2010 WL

12  445203, at *5 (E.D. Cal. Feb. 2, 2010) (allegations that prison officials denied or ignored inmate

13  appeals failed to state a cognizable claim under the First Amendment).

14          Liberally construed, the FAC alleges that the various officials who conducted Plaintiff's

15  grievance and appeals, including Defendants Groves, Ndoh, Vera, and Donaldson, denied his due

16  process rights because they refused to reverse Defendant Crenshaw's guilty finding on Plaintiff's

17  RVR.  (See Doc. No. 18 at 8-9 ¶¶ 47-48).  However, as the Court previously advised Plaintiff, "an

18  incorrect decision on an administrative appeal, or the failure to handle it in a particular way, does

19  not amount to a violation of petitioner's right to due process." *Carter v. Babcock*, 2011 WL

20  6032687, at *6 (E.D. Cal. Dec. 5, 2011).  Likewise, the mere fact that these Defendants declined

21  to grant Plaintiff's grievance or appeals does not set forth a constitutional claim.

22      **B.  First Amendment Access to Courts Claim**

23          Prisoners "have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S.

24  817, 821 (1977).  Such "right extends to prison grievance procedures." *Carr v. Stelzer*, 733 F.

25  App'x 361, 362 (9th Cir. May 2, 2018) (citations omitted).  Where a prisoner is required to

26  exhaust the administrative grievance process, "a prisoner's fundamental right of access to the

27  courts hinges on his ability to access the prison grievance system." *Bradley*, 64 F.3d at 1279.

28  Accordingly, interference with the grievance process may, in certain circumstances, implicate the

11

First Amendment.  However, as noted above, prisoner have no constitutional right to a particular grievance process, and there are no constitutional requirements regarding how a grievance system is operated, even if plaintiff believes the process to be unfair or not accurate.  *See Ramirez*, 334 F.3d at 860; *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "Even if prison officials delay, deny, or erroneously screen out a prisoner's inmate grievance, they have not deprived him of a federal constitutional right."  *Alford*, 2015 WL 3488301, at *10 n.2.

Here, the FAC alleges that Defendant Donaldson violated Plaintiff's First Amendment right to access the courts when he "intentionally and arbitrarily cancelled plaintiff's appeal No. ASP-M-17-205 as a duplicate of appeal No. ASP-M-17-150."  (Doc. No. 18 at 9 ¶ 51).  However, Plaintiff has no right to a particular grievance process.  Even if Plaintiff disagrees with Defendant Donaldson's decision to cancel the second appeal as duplicative, this does not give rise to a constitutional claim.  *See Alford*, 2015 WL 3488301, at *10 n.2.

### C.  Conspiracy

To establish a conspiracy to violate one's rights under §1983, a plaintiff must plead facts supporting "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement."  *See Avalos v. Bacca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).

The FAC is devoid of any fact demonstrating an express or implied agreement among any of the Defendants to deprive Plaintiff of his constitutional rights.  It only makes the conclusory allegation that unspecified "Defendants conspired to impose, did impose and did affirm penalties that are unconstitutionally excessive and grossly disproportionate to offense and disciplinary hearing's results."  (Doc. No. 18 at 10 ¶ 58).  While Plaintiff is entitled to a liberal interpretation of his FAC, the Court cannot supply the essential elements of a claim that are not pled.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Moreover, as noted above the Court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council*, 643 F.2d at 624.  Because the FAC makes only conclusory

1    allegations regarding the existence of an agreement among the parties, and fails to specify which

2    parties are involved, it fails to meet the first prong of a conspiracy claim.  Further, as discussed

3    above, Plaintiff's FAC fails to allege a cognizable claim as to any deprivation of his constitutional

4    rights.  Therefore, the FAC fails on both prongs required to prove a conspiracy and the

5    undersigned recommends the district court dismiss Plaintiff's conspiracy claim.

6         ////

7         ////

8                        **CONCLUSION AND RECOMMENDATION**

9         Based on the above, the undersigned finds Plaintiff's FAC fails to state any cognizable

10   claim.  The FAC suffers from many of the same pleading deficiencies that the undersigned

11   identified and explained to Plaintiff in screening his original Complaint.  Plaintiff reasserted

12   many of the same claims that were asserted in his Complaint, including conspiracy and due

13   process violations based on the allegedly false RVR, his disciplinary hearing, and the denial of his

14   grievances and appeals.  Despite being provided with guidance and the appropriate legal

15   standards, Plaintiff was unable to cure the deficiencies identified above.  Thus, the undersigned

16   recommends that the district court dismiss the FAC without further leave to amend.  *McKinney v.*

17   *Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th

18   Cir.1992)) (noting discretion to deny leave to amend is particularly broad where court has

19   afforded plaintiff one or more opportunities to amend his complaint).

20        Accordingly, it is **RECOMMENDED**:

21        The First Amended Complaint (Doc. No. 18) be dismissed under § 1915A for failure to

22   state a claim.

23        ////

24                            **NOTICE TO PARTIES**

25        These findings and recommendations will be submitted to the United States district judge

26   assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

27   days after being served with these findings and recommendations, a party may file written

28   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

1   Findings and Recommendations."  Parties are advised that failure to file objections within the

2   specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

3   838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

5   Dated:    December 7, 2023

6                                                      HELENA M. BARCH-KUCHTA
                                                       UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28