1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   ALIM S. URMANCHEEV,                    Case No. 1:21-cv-00255 JLT HBK (PC)

12            Plaintiff,                    Appeal No. 24-3043

13       v.                                 ORDER REVOKING *IN FORMA PAUPERIS*
                                            STATUS ON APPEAL
14   R. NDOH, et al.,
                                            (Doc. 34)
15            Defendant.

16

17          Alim S. Urmancheev proceeded pro se and *in forma pauperis* in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  The Court dismissed the action for Plaintiff's failure to state a

19   claim and entered judgment.  (Docs. 22, 29-30.)  On May 9, 2024, Plaintiff filed a Notice of

20   Appeal, (Doc. 31), which was processed to the United States Court of Appeals for the Ninth

21   Circuit as Case No. 24-3403. (Docs. 32, 33.)

22          The Ninth Circuit referred this matter to the Court "for the limited purpose of determining

23   whether *in forma pauperis* status should continue for this appeal or whether the appeal is

24   frivolous or taken in bad faith." (Doc. 34 at 1, citing 28 U.S.C. § 1915(a)(3); *Hooker v. American*

25   *Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) [revocation of the *in forma pauperis* status is

26   appropriate when the district court finds an appeal is frivolous].)  An appeal may not be taken *in*

27   *forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. §

28   1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

1

Permitting litigants to proceed *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984); *Williams v. Field*, 394 F.2d 329, 332 (9th Cir., cert. denied, 393 U.S. 891 (1968)); *Williams v. Marshall*, 795 F. Supp. 978, 978-79 (N.D. Cal. 1992). Good faith on appeal is demonstrated by an objective standard of a nonfrivolous issue. *Coppedge v. U.S.* 369 U.S. 438, 445 (1962). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. *Hooker*, 302 F.3d at 1092.

Plaintiff's Notice of Appeal indicates that Plaintiff "appeals to the United States Court of Appeals for the Ninth Circuit from Order Adopting Findings and Recommendations and Dismissing Action for Failure to State a Cognizable Claim entered in this action on the April 17, 2024." (Doc. at 1.) It does not identify the issues he intends to present on appeal, as required Fed. R. Civ. P. 24(a)(1)(C). Thus, the Court cannot determine whether the issues are nonfrivolous. Though Plaintiff's filing satisfies the minimum requirements of Rule 3, it does not establish that Plaintiff's appeal is non-frivolous under Rule 24. *See e.g., Austin v. Kemper Corp.*, 2022 WL 2276894, at *1 (N.D. Cal. June 23, 2022) (denying a motion to proceed *in forma pauperis* on appeal for failure to comply with Rule 24(a)(1)(C), because the plaintiff did not identify the arguments he intended to present on appeal); *Sanders v. Fitness Int'l LLC*, 2024 WL 945132, at *1 (D. Ariz. Feb. 7, 2024) (denying IFP on referral from the circuit court and upon plaintiff's motion because "[p]laintiff does not explain which issues he plans to present on appeal"); *see also Jimenez-Valero v. Asher*, 2016 WL 8116156, at *1 (W.D. Wash. Dec. 21, 2016) ("Because [plaintiff] has not explained the basis for his appeal, the Court cannot determine whether his appeal is frivolous), *report and recommendation adopted*, 2017 WL 384386 (W.D. Wash. Jan. 24, 2017).

On the other hand, the findings and recommendations, which were adopted by this Court, found that Plaintiff failed to support his legal conclusions[1] with factual allegations. The Court

---

[1] Notably, the findings and recommendations related to the second screening order issued by the Court and evaluated the first amended complaint. Thus, the Court had provided Plaintiff the pleading standards and pointed out the defects in his complaint once before, but Plaintiff failed to address them in his subsequent complaint.

1   granted Plaintiff multiple extensions to file objections to the findings and recommendations—

2   which equated to about four months' time—but Plaintiff did not ever do so. Because Plaintiff

3   failed to identify any basis for his appeal, and the underlying findings and recommendations were

4   based upon established legal authorities, the Court finds that Plaintiff's appeal is frivolous and not

5   taken in good faith. Accordingly, the Court **ORDERS**:

6        1.    The appeal is declared frivolous and not taken in good faith.

7        2.    Pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff is not entitled to proceed *in forma*

8              *pauperis* in Appeal No. 24-3403, filed May 9, 2024.

9        3.    Pursuant to Federal Rule of Appellate Procedure 24(a)(4), this order serves as

10             notice to the parties and the United States Court of Appeals for the Ninth Circuit

11             of the finding that Plaintiff is not entitled to proceed *in forma pauperis* for this

12             appeal.

13       4.    The Clerk of Court is directed to serve a copy of this order on the parties and the

14             United States Court of Appeals for the Ninth Circuit.

15

16   IT IS SO ORDERED.

17   Dated:   **May 31, 2024**

UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28